UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| PHILIP E POOR, | No. C12-02206 LB |
| Plaintiff, | **ORDER REGARDING THE PARTIES' DISCOVERY DISPUTE CHARTS DATED OCTOBER 10, 2013 AND OCTOBER 14, 2013** |
| v. | |
| MARIO BANA, et al., | |
| Defendants. | [Re: ECF Nos. 47, 48] |

This order addresses the discovery disputes outlined in the charts filed on October 10, 2013 and October 14, 2013. *See* ECF Nos. 47, 48.

One, fact discovery closed on April 5, 2013. From the submissions and the prior court hearings, it does not appear that Mr. Poor's counsel, Mr. Wang, propounded discovery. His submissions do not establish good cause for failure to comply with the discovery deadlines to warrant an extension of them. *See* N.D. Cal. Civ. L.R. 37-3; Order, ECF No. 46 at 1. Still, the court allows the discovery set forth below, limited to Mr. Poor and not including other employees. The court understands that Mr. Wang said that he intended to file a motion for FLSA collective certification, *see* ECF Nos. 27 and 30, but he never did so, and the deadline for filing dispositive motions has passed.

Two, Defendants have agreed to produce Mr. Poor's payroll records. They must produce these anyway under Rule 26 and if they have not done so, they must do so by November 26, 2013. They must produce payroll records and any other documents that show hours that Mr. Poor worked and how much he was paid. If that information is contained in Mr. Poor's EDD and worker's

1  compensation records, and if Defendants have those records, they must produce them too.  Mr. Poor
2  has not shown how insurance records would show whether he worked, but if they do, then
3  Defendants must produce them to the extent that they show that.  Any confidentiality concerns can
4  be addressed by a protective order.

5   Three, as to the depositions of Mr. Bana and Ms. Bana regarding Mr. Poor's work, Defendants
6  say that the relevant area was covered in the *Garcia* case.  Certainly the facts are overlapping in the
7  two cases.  Nonetheless, the court will allow depositions totaling four hours for both witnesses
8  limited to Mr. Poor only.  Given the production deadline of November 26, 2013, Mr. Poor may not
9  conduct the depositions until after production or during Thanksgiving week, which means that
10 depositions likely need to be scheduled between December 2, 2013 and December 13, 2013 unless
11 counsel agree on another date.  Mr. Poor must notice depositions properly under the rules and as
12 contemplated by this order, and if he does not, he cannot take them.

13  Four, if Mr. Poor wants to depose Mr. Arceo, he may do so only about Mr. Poor and only for two
14 hours, and he must notice the deposition properly and on the schedule in the previous paragraph.

15  Five, Mr. Poor's motion for a site inspection is denied without prejudice on this record.  He
16 offers no intelligible reason why he should get one under the facts of this case.  He can ask about his
17 RV's location in the depositions and in the context of the photographs of the site that he already has.
18 If after the depositions, he wants to offer an intelligible reason why he needs to see the site in
19 person, he may do so.  The parties must raise the issue with the court jointly no later than December
20 12, 2013.

21  Six, Mr. Poor's other requests for discovery are denied.

22  Seven, the court vacates the November 14, 2013 CMC and resets it for December 19, 2013 at
23 11:00 a.m.  An updated case management conference statement is due by December 12, 2013.

24  This disposes of ECF Nos. 47 and 48.

25  **IT IS SO ORDERED.**

26 Dated: November 12, 2013   _____
                                LAUREL BEELER
27                              United States Magistrate Judge

28

C 12-02206 LB
ORDER                           2